IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN L. KOLLMANN, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 08-797 |
| | ) Magistrate Judge Maureen P. Kelly |
| TRANSTECH AIRPORT SOLUTIONS, | ) |
| INC., | ) |
| Defendant. | ) |

## OPINION

Presently before the Court is Plaintiff Kevin L. Kollmann's Motion for Default Judgment [ECF No. 63], seeking the entry of default judgment against Defendant Transtech Airport Solutions, Inc. ("Transtech") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. For the reasons more fully set forth below, Plaintiff's Motion is granted.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

On June 6, 2008, Plaintiff's action for unpaid commissions was removed to the United States District Court for the Western District of Pennsylvania from the Court of Common Pleas of Beaver County, Pennsylvania. In the interim three year period, Defendant, through its corporate representative, Zvi Riterband, and in conjunction with its corporate parent, Transtech Control, Ltd. ("TCL"), an Israeli entity currently in liquidation, impeded Plaintiff's efforts to conduct discovery as well as efforts to negotiate in good faith a settlement of Plaintiff's claim. See, e.g, Order dated August 7, 2009 [ECF No. 33], and Minute Entry for Final Pretrial Conference [ECF No. 54]. On October 5, 2011, this Court granted counsel for Defendant's Motion to Withdraw because Defendant, through its corporate representative, Mr. Riterband,

1

repeatedly failed to respond to multiple attempts by counsel to contact it regarding the trial and status of this matter and Defendant failed to pay counsel's invoices. In consenting to counsel's Motion to Withdraw, Mr. Riterband indicated his intention to appear on behalf of the Defendant at the trial of this matter scheduled for October 11, 2011. [ECF No. 58].

On October 11, 2011, Zvi Riterband appeared on behalf of the Defendant. [ECF No. 60]. The Court instructed Mr. Riterband that as a non-attorney, he was ineligible to represent the corporate Defendant. See, Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966)(per curiam)(holding that "a corporation [must], to litigate its rights in a court of law, employ an attorney at law to appear for it and respresnt it in the court."). The Court directed Mr. Riterband to promptly obtain legal counsel to appear on behalf of Defendant no later than November 8, 2011. This Court expressly informed him that failure to do so could result in the entry of default judgment against Transtech. Additionally, the Court continued the non-jury trial to December 2, 2011. [ECF No. 60]. The Court further instructed Mr. Riterband that the failure of Defendant to appear at trial (with counsel) on December 2, 2011, would result in the entry of default judgment.

On November 10, 2011, Plaintiff filed a Motion for Default Judgment [ECF No. 63], indicating his intention to seek the entry of default judgment against Defendant for its repeated violations of this Court's Orders and violation of the Court's most recent clear directive that Defendant obtain counsel prior to November 8, 2011. The Motion for Default was served on Mr. Riterband as Defendant's authorized agent/representative, via the Court's CM/ECF system and via certified mail, on November 10, 2011. To date, an attorney has not entered an appearance on behalf of Defendant and the trial of this matter commenced as scheduled on December 2, 2011.

2

## II.    DISCUSSION

### A. Default against Defendant is warranted.

Federal Rule of Civil Procedure 55 provides a two-step process to be followed when in

the course of litigation, a party fails to defend: first, the entry of a default, and second, the entry

of a default judgment. "The first step, entry of a default, formalizes a judicial recognition that a

defendant has, through its failure to defend the action, admitted liability to the plaintiff." 645

F.3d 114, 128 (2d Cir. 2011). The entry of default is governed by Rule 55(a), which provides:

> When a party against who a judgment for affirmative relief is sought has failed to
> plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the
> clerk must enter the party's default.

Fed.R. Civ. P. 55(a). "Although Rule 55(a) contemplates that entry of default is a ministerial

step to be performed by the clerk of court, a district judge also possesses the inherent power to

enter a default." City of New York v. Mickalis Pawn Shop, LLC., 645 F.3d at 128 (citations

omitted).

The entry of default pursuant to Rule 55(a) establishes the defendant's liability. Once so

established, the second step, entry of a default judgment, converts the defendant's "admission of

liability" into a final judgment that terminates the litigation and awards the plaintiff any relief to

which the court decides it is entitled. Under Rule 55(b), a default judgment ordinarily must be

entered by the court which is empowered in the exercise of its discretion, to conduct hearings as

may be necessary to determine the amount of damages. Id.

Factors to be considered in granting a motion for default include "(1) prejudice to the

plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and

(3) whether defendant's delay is due to culpable conduct." See United States v. $55,518.05 in

3

U.S. Currency, 728 F.2d 192, 195 (3d Cir.1984); and see, Chamberlain v. Giampapa, 210 F. 3d 154, 164 (3d Cir. 2000). Additionally, in determining the propriety of default, the United States Court of Appeals for the Third Circuit expressly approved the entry of default in instances where a defendant has failed to appear at trial and where a defendant, in violation of an unambiguous order, failed to obtain substitute counsel. Hoxworth v. Blinder, Robinson & Co., 980 F.3d 912, 917 (3d Cir. 1992). In such instances, the Court of Appeals agreed that "a trial judge, responsible for the orderly and expeditious conduct of litigation, must have broad latitude to impose the sanction of default for non-attendance." Id. Thus, in Rhino Associates, L.P. v. Berg Mfg. and Sales Corp., 531 F. Supp.2d 652, 656 (M.D. Pa. 2007), the court, citing Hoxworth, found that the entry of default was warranted where a corporate defendant failed to secure counsel as required by a previously entered order. Of particular note, the court observed that it had permitted prior counsel to withdraw because the corporate defendant failed, for over a year, to pay for services rendered and while aware of the consequences of counsel's withdrawal, refused to communicate with counsel or the court. "Such refusal evinced [defendant's] unwillingness to defend itself in these proceedings." Id.

In this matter, the Court finds that the entry of default against Defendant is equally warranted. First, Defendant was specifically ordered to secure representation by November 8, 2011, or suffer the entry of default. It failed to comply with this Court's Order. Defendant never contacted this Court even after receiving notice of Plaintiff's Motion for Default. Neither a representative of Defendant nor counsel for Defendant appeared at trial as required today. Second, on October 11, 2011, the day that trial was initially scheduled, Plaintiff appeared with counsel, but suffered the inconvenience and expense of rescheduling because Defendant was

4

unrepresented. ECF No. 60. The Court notes that for the initial trial, Plaintiff traveled to the Court from Florida at some expense and that he is in poor health. Thus, the Court finds that Defendant's personal responsibility for the failure to comply with prior Orders was willful and caused substantial prejudice to the Plaintiff. Third, Defendant's history of dilatoriness with respect to the conduct of discovery in this matter greatly increased the expense associated with litigating this action. Fourth, the Court finds that Defendant does not appear to have a meritorious defense for its failure to pay commissions due and owing Plaintiff pursuant to the terms of its employment contract with Plaintiff. Fifth, the Court finds that given Defendant's disregard of the Court's prior Orders, alternative sanctions will not be effective. Finally, the Court finds that Defendant's conduct supports a conclusive finding that it has abandoned any defense of this action, caused substantial prejudice to the Plaintiff, and justifies the entry of default against Defendant.

### B. Plaintiff's evidence establishes his entitled to the damages set forth in his Motion for Default.

When a plaintiff prevails by default, he or she is not automatically entitled to the damages they originally demanded. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). Rather, defaults are treated as admissions of the facts alleged, but a plaintiff may still be required to prove that he or she is entitled to the damages sought. Id.; DIRECTV Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). Here, the damages Plaintiff seeks cannot be determined with exactness by a simple mathematical calculation or by application of definitive rules of law. "If it is necessary to determine the amount of damages or to establish the truth of any averment by evidence, the court may conduct a hearing." Durant v. Husband, 28 F.3d 12, 15 (3d Cir.1994) (quoting Fed.R.Civ.P. 55(b)(2)) (emphasis added) (internal quotation marks omitted).

In the case at issue, following the entry of default against Defendant Transtech pursuant to Rule 55 of the Federal Rules of Civil Procedure, this Court conducted a trial on damages claimed by Plaintiff based on the five count Complaint.

Having considered all of the testimony and evidence presented during the trial, this Court finds, as fully set forth on the record, that Plaintiff has incurred substantial damages. Damages are awarded as follows:

1. Plaintiff is awarded $81,196.84 for earned unpaid compensation in the form of unpaid commissions and wages. Said damages are awarded for violations by Transtech of the Pennsylvania Wage Payment and Collection Law., 43 Pa. Stat. § 260.1 et. seq; breach of the employment agreement; unjust enrichment; and, quantum meruit;

2. Plaintiff is awarded liquidated damages pursuant to the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. § 260.1 et. seq, in the amount of $20,299.21. Said statutory damages equal 25% of the total earned unpaid compensation due to Plaintiff;

3. Plaintiff is awarded attorneys' fees and costs pursuant to the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. § 260.1 et. seq, in the amounts of $111,756.00 in fees and $7,314.68 in costs;

4. Plaintiff is awarded prejudgment interest in the amount of $21,456.37.

By the Order that follows, Judgment is entered in favor of Plaintiff Kevin L. Kollmann

and against Defendant Transtech Airport Solutions, Inc. in the amount of $242,023.10.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record and
        Defendant through its agent, Zvi Riterband,
        via CM/ECF

7